

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00158-CR

_____

RAYMOND KEITH WALLS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd Judicial District Court
Red River County, Texas
Trial Court No. CR01626

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Raymond Keith Walls appeals from his conviction for sexual assault. *See* TEX. PENAL CODE ANN. § 22.011 (West 2011). Walls' attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail, providing possible issues, but explaining why they cannot succeed. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief and a letter to Walls November 16, 2011, informing Walls of his right to file a pro se response and his right to review the record of the trial proceedings in doing so. Walls' brief was due to be filed in this Court December 16, 2011. As of this date, no brief has been filed and no request for extension has been made. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We take note, though, of two inaccuracies in the trial court's judgment. The jury found

2

Walls not guilty of aggravated sexual assault and convicted him of sexual assault. The judgment should cite Section 22.011 of the Texas Penal Code, not Section 22.021, and we amend the judgment to reflect the correct statute. Likewise, the judgment states Walls pled "true" to the two enhancement paragraphs, where in fact he pled "not true." We amend the judgment to reflect Walls' pleas.[1]

As amended, the trial court's judgment is affirmed.[2]

Josh R. Morriss, III
Chief Justice

Date Submitted:     January 30, 2012
Date Decided:       January 31, 2012

Do Not Publish

---

[1]Appellate courts have the authority to reform the judgment to make the record speak the truth when the matter has been called to its attention by any source. *French v. State*, 830 S.W.2d 607 (Tex. Crim. App. 1992). In *Asberry v. State*, 813 S.W.2d 526 (Tex. App.—Dallas 1991, pet. ref'd), the court noted that the authority of the appellate court to reform incorrect judgments is not dependent on request of any party and that the appellate court may act *sua sponte*. The Texas Rules of Appellate Procedure provide direct authority for this Court to modify the judgment of the trial court. TEX. R. APP. P. 43.2(b).

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3 (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104, effective Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.